1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

11
12
13
14
15
16

| | |
|---|---|
| COREY A. W.,[1]<br><br>                 Plaintiff,<br><br>     v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>                 Defendant. | Case No.  SA CV 19-02286 RAO<br><br><br>**MEMORANDUM OPINION AND ORDER** |

17

## I.    INTRODUCTION

18
19
20
21
22
23
24
25
26

      Plaintiff Corey W. ("Plaintiff") challenges the denial by the Commissioner of Social Security ("Defendant") of her application for supplemental security income ("SSI").  She contends that the Administrative Law Judge ("ALJ") erred when he determined that her anxiety disorder would impose essentially no functional limitations on her ability to work and when he rejected her subjective symptom testimony.  For the reasons stated below, the decision of the Commissioner is REVERSED, and the matter is REMANDED.

\\

27
28

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

## II.      SUMMARY OF PROCEEDINGS

On November 9, 2015, Plaintiff constructively filed a Title XVI application for SSI, alleging that she had been disabled since January 1, 1998.  (Administrative Record ("AR") 135-43.)   Her application was denied initially and upon reconsideration, and she requested and was granted a hearing before an ALJ.  (AR 45-69, 81-95.)  Following a hearing on October 18, 2018, at which Plaintiff appeared with counsel, the ALJ found that Plaintiff had not been disabled at any time from her alleged onset date through November 9, 2018, the date of decision.  (AR 12-44.)  The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review.  (AR 1-6.)  This action followed.

## III.      DISCUSSION

Plaintiff contends that the ALJ erred at step four of the sequential disability evaluation when he (1) rejected the opinions of the examining and reviewing psychologists that Plaintiff's social anxiety would limit her ability to interact with others; and (2) discounted Plaintiff's testimony regarding the limitations imposed by her anxiety.  (JS at 4-11, 15-20.)

The ALJ followed the five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act.  *See Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).  Although he found that Plaintiff's anxiety was a severe impairment, he concluded that it did not meet or equal any impairment listed in the regulations that would by itself establish disability.  (AR 17.)  Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity to perform "a full range of work at all exertional levels" with one non-exertional limitation, namely, that she would "likely miss work or leave early from work at least one day a month due to separation anxiety from" her mother.  (AR 19.)  In reaching this finding, the ALJ rejected Plaintiff's testimony that she experienced debilitating panic attacks, could not go places alone, had difficulty interacting with non-family members, found it hard to follow instructions in social situations, and did not handle

2

stress well.  (AR 19-20.)  At step five, the ALJ adopted the testimony of a vocational expert, who opined that an individual with Plaintiff's age, lack of work experience, and residual functional capacity would be able to perform work existing in the national economy.  (AR 24.)  Accordingly, the ALJ found that Plaintiff was not disabled.  (AR 24-25.)

### A. <u>The Examining and Reviewing Psychologists' Opinions</u>

Plaintiff contends that the ALJ erred when he rejected the limitations found by the examining and reviewing psychologists.  (JS at 4-11.)

The ALJ is responsible for assessing a claimant's RFC "based on all of the relevant medical and other evidence."  20 C.F.R. §§ 404.1545(a)(3), 404.1546(c); *see Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (citing SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996)).  In doing so, the ALJ may consider any statements provided by medical sources, including statements that are not based on formal medical examinations.  *See* 20 C.F.R. §§ 404.1513(a), 404.1545(a)(3).  An ALJ's determination of a claimant's RFC must be affirmed "if the ALJ applied the proper legal standard and his decision is supported by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *accord Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

In February 2016, psychologist Dr. Jessica Durr evaluated Plaintiff.  (AR 278-83.)  Dr. Durr had no medical records to review, but reported Plaintiff's own account that she had suffered from anxiety for most of her life, could only urinate when at home, had been seen by a psychiatrist for approval to start hormone therapy (and was taking Estridiol, an estrogen hormone), and had "too much anxiety" to take a driver's test.  (AR 279, 280.)  Upon examination, Plaintiff was oriented, her thoughts were organized, and her mood appropriate although her affect was labile.  (AR 280.)  Notably, Plaintiff was "extremely upset and tearful" when she was told her mother had to leave the room during testing but with encouragement was able to complete the testing.  (*Id.*)  Plaintiff "did well" on tests that measured her memory,

concentration/attention span, insight and judgment, and fund of knowledge. (AR 281-82.) Dr. Durr concluded that Plaintiff would have the ability to understand and carry out simplistic and detailed instructions, make simplistic work-related decisions, and interact appropriately with supervisors, coworkers, and peers. (AR 282-83.) Dr. Durr cautioned that the anxiety that Plaintiff suffered when separated from her mother would cause her to "call in, miss shifts, or try to leave early," which, in the doctor's view, would create difficulty over time in the job market. (AR 283.) The ALJ gave "great weight" to Dr. Durr's opinion, noting that her assessment of Plaintiff's functional limitations was "essentially the same" as the ALJ's. (AR 23.)

Plaintiff contends nevertheless that the ALJ erred by not accepting additional limitations implied by Dr. Durr's opinion. In Plaintiff's view, the ALJ's determination that she would miss work "at least one day a month" due to separation anxiety conflicts with Dr. Durr's finding that Plaintiff would call in, miss shifts, or try to leave early because of her separation anxiety. Plaintiff argues that, clearly, she would experience anxiety more than once a month because her mother could not be at work with her. (JS at 6-7.)

The Court would agree that Plaintiff's reading is more plausible, particularly considering Dr. Durr's subsequent warning that Plaintiff's absenteeism would ultimately create difficulty for her at work. Nevertheless, the Court cannot find that the ALJ's interpretation was unreasonable. The ALJ was permitted to take into account the fact that Plaintiff appeared to calm down and was able to finish the tests given by Dr. Durr, as well as Dr. Durr's opinion that Plaintiff would be able to interact appropriately with other people in the workplace. As such, the Court must defer to the ALJ's decision regarding the functional scope of Dr. Durr's opinion. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) ("'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld.") (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). \\

4

1    Plaintiff also contends that the ALJ erred in rejecting the opinions of the state
2    agency reviewing psychologists.  For the following reasons, the Court agrees.
3    In March 2016, Dr. Brady Dalton reviewed Plaintiff's medical records,
4    including Dr. Durr's evaluation, and concluded that Plaintiff would "work best in
5    low-stress, structured environments with predictable work tasks and with minimal
6    social contacts with others."  (AR 54.)  After Plaintiff sought reconsideration, in
7    July 2016, Dr. McWilliams reviewed the updated medical record and opined that
8    Plaintiff would be moderately limited in most aspects of social interaction and
9    concluded that she could "deal with the public and get along with people at work if
10   the contact was brief."  (AR 66.)
11   The ALJ gave "some weight" to the reviewing opinions but declined to adopt
12   the functional limitations assessed therein on the ground that they were inconsistent
13   with the record as a whole.  (AR 23.)  By way of explanation, the ALJ pointed out
14   that the reviewing doctors' conclusion that Plaintiff would be moderately limited in
15   her ability to interact with the public and accept instruction was in conflict with Dr.
16   Durr's report that Plaintiff exhibited cooperative behavior and successfully
17   completed testing in her mother's absence.  (*Id*.)
18   The ALJ's reasoning for rejecting the reviewing opinions is not supported by
19   substantial evidence.  The limitations found by Drs. Dalton and McWilliams were
20   based on their review of all of Plaintiff's medical records through July 2016.
21   Although the reviewing doctors noted Dr. Durr's February 2016 evaluation (AR 47,
22   49, 51, 53, 60), they also relied on subsequent treatment notes that Dr. Durr had not
23   seen, which established that Plaintiff continued to experience panic attacks related
24   to her inability to use public restrooms and had been prescribed citalopram and
25   alprazolam.  (AR 62-63.)  Because the ALJ failed to address record evidence
26   that undermined his residual functional capacity determination, his decision was in
27
28

5

1    error.[2]  *See Reddick v. Chater*, 157 F.3d 715, 722-24 (9th Cir. 1998) (reversing

2    where ALJ "developed his evidentiary basis by not fully accounting for the context

3    of materials or all parts of the testimony and reports").  Accordingly, remand is

4    warranted on this issue.

5         **B. Plaintiff's Subjective Symptom Testimony**

6         Plaintiff contends that the ALJ erred when he rejected her testimony that she

7    could not work due to her anxiety.  (JS at 15-20.)  For the following reasons, the

8    Court agrees.

9         Where, as here, the claimant has presented evidence of an underlying

10   impairment and the ALJ did not make a finding of malingering (*see* AR 19), the ALJ

11   must "evaluate the intensity and persistence of [the] individual's symptoms . . . and

12   determine the extent to which [those] symptoms limit [his] . . . ability to perform

13   work-related activities."  Soc. Sec. Ruling ("SSR") 16-3p, 2017 WL 5180304, at *4.

14   In assessing the intensity and persistence of symptoms, the ALJ "examine[s] the

15   entire case record, including the objective medical evidence; an individual's

16   statements . . . ; statements and other information provided by medical sources and

17   other persons; and any other relevant evidence in the individual's case record."  *Id.*

18   at *4.  The ALJ must provide specific, clear and convincing reasons for rejecting the

19   claimant's statements.  *Trevizo v. Berryhill,* 871 F.3d 664, 678 (9th Cir. 2017)

20   (citation omitted).  The ALJ must identify what testimony was found not credible and

21   explain what evidence undermines that testimony.  *Holohan v. Massanari*, 246 F.3d

22   1195, 1208 (9th Cir. 2001).  "General findings are insufficient."  *Lester*, 81 F.3d at

23   834.

24        Plaintiff testified that she had suffered from anxiety and panic attacks, even

25   while at home, for six or seven years.  (AR 33.)  She testified that she had initially

26   [2]  More generally, the Court is not convinced by the ALJ's reasoning that Plaintiff's
27   ability to cooperate with a psychologist, while knowing, one assumes, that her mother
     is waiting close by, is evidence that she can interact appropriately on a daily basis
28   with strangers.

done poorly at school due to bullying and other reasons but later did well when she was in an independent study program.  (AR 33-34.)  Despite her academic ability, Plaintiff testified that she did not apply to college because she "just can't."  (AR 34.) After the ALJ informed her that she had "a brain between those ears" and was "an attractive woman," Plaintiff testified that she was having a panic attack right at that moment.  (AR 35.)  In the written reports that she submitted with her SSI application, Plaintiff stated that she "rarely" left the house due to social anxiety, could not go out in public for more than two hours at a time, and spent her time sitting and talking with her family or playing video games on the Internet.  (AR 158, 160, 161.)

In his decision, the ALJ found that Plaintiff's testimony would not impose any additional functional limitations beyond missing work once per month.  (AR 19-21.) The ALJ rejected Plaintiff's account of her limitations on two grounds.  Neither of them withstands scrutiny.

First, the ALJ found that "some of the physical and mental abilities and social interactions required in order to perform [her reported daily activities] are the same as those necessary for obtaining and maintaining employment and are inconsistent with the presence of a debilitating condition."  (AR 20.)   In that regard, the ALJ noted that Plaintiff was able to groom herself, prepare simple meals, spend time with family, and play video games online.  (*Id.*)  This was not a convincing reason for rejecting Plaintiff's testimony.

That Plaintiff could perform these, very minimal, activities on her own schedule and, more importantly, in her own house with her own family, does not establish that she could work eight hours a day, five days a week on someone else's schedule, in a different location, and with unfamiliar people.  The crux of Plaintiff's claim for disability is that she suffers from social anxiety.  The ALJ simply failed to address how her home activities would transfer to a workplace setting.  *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) ("The ALJ must make specific findings relating to the daily activities and their transferability to conclude that a claimant's

daily activities warrant an adverse credibility determination.") (internal quotation marks omitted).

Second, the ALJ found that Plaintiff had not received the type of medical treatment one would expect for a totally disabled individual. (AR 20.)  The Court construes this to mean that the ALJ believed Plaintiff's treatment was conservative. Generally speaking, this is a legitimate reason for discounting a claimant's credibility. *See Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) (holding ALJ properly found treatment with over-the-counter pain medication was reason to discount claimant's testimony).  The record, however, does not support the ALJ's reasoning.

The only mention the ALJ made in his decision about Plaintiff's course of treatment was a citation to a December 2016 visit note in which she reported "doing well" on Citalopram.  (AR 22.)  The ALJ did not explain in what way Plaintiff's prescribed use of Citalopram constituted conservative treatment for an anxiety disorder.  Furthermore, the ALJ did not address the record evidence showing that Plaintiff also at times had been prescribed Valium, Xanax, Ativan, Terazosin, and Propanolol for anxiety.  (AR 433, 441-44, 511.)  Additionally, though the record shows that Plaintiff reported doing well at times, at other times she experienced vomiting during a panic attack and requested an increase in her medication dosage due to an explained increase in her anxiety "for the past 5 days."  (AR 426, 489.)

Because the ALJ failed to provide specific, clear, and convincing reasons for discounting Plaintiff's subjective limitation testimony, remand is warranted on this issue.

## C. **Remand for Further Administrative Proceedings**

Plaintiff seeks an award of benefits. (JS at 25.)  Because further administrative review could remedy the ALJ's errors, remand for further proceedings, rather than an award of benefits, is warranted here.  *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (remanding for an award of benefits is appropriate only in rare

circumstances).  In particular, when, as here, "the record as a whole creates . . . doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act," the Court retains flexibility to remand for further proceedings.  *Id.* (citation omitted).   On remand, the ALJ should reconsider Plaintiff's residual functional capacity in light of the Court's decision.  The ALJ is free to obtain further evidence, included the use of a testifying doctor or a reviewing doctor, supplemental reports from treating, examining, and reviewing doctors, or any other mechanism that the ALJ deems appropriate.

## IV.   CONCLUSION

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits and REMANDING the matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED:  September 30, 2020

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**